UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lee F. Pool, *pro se*,                                      Case No. 3:18-cv-1674

                Plaintiff,

    v.                                                  MEMORANDUM OPINION
                                                            AND ORDER

Heather Cooper, et al.,

                Defendants.

## I.    INTRODUCTION

Defendants Heather Cooper, Adam Shilling, and Allysa Damschroder have filed a motion to dismiss the complaint filed by *pro se* Plaintiff Lee F. Pool. (Doc. No. 9). Pool filed a response to the motion. (Doc. No. 10). Defendants filed a reply brief in support of their motion. (Doc. No. 11). Also, Pool has filed motions for the appointment of counsel. (Doc. No. 6 and 7). Defendants did not file a response to those motions. For the reasons stated below, Plaintiff's motions are denied without prejudice and Defendants' motion is denied.

## II.    BACKGROUND

Pool is an inmate at the Allen / Oakwood Correctional Institution, in Lima, Ohio ("AOCI"). He was employed in the food service area at AOCI, which was managed by Aramark Corporation through a contract with the Ohio Department of Rehabilitation and Correction. He alleges the Defendants, who were Aramark employees at the time of the events at issue in this litigation,

removed him from his work assignment in retaliation for verbal and written complaints Pool made and because of Pool's religion.

Pool filed suit on July 19, 2018, and completed an application to proceed in forma pauperis ("IFP"). (Doc. No. 1 and Doc. No. 2). Pool also filed U.S. Marshals Form 285 for service of the complaint upon each Defendant. (Doc. No. 1-3). Pool's IFP application was approved on November 30, 2018. (Doc. No. 3).

Subsequently, the Clerk of Court for the United States District Court for the Northern District of Ohio issued a summons for each Defendant to the Marshal's office. (Doc. No. 4). The Marshals served the complaint via FedEx on December 14, 2018. (Doc. No. 5).

### III.   ANALYSIS

#### A.  IMPROPER SERVICE

Defendants claim the complaint should be dismissed because Pool failed to serve them with the complaint pursuant to Rule 4(e). (Doc. No. 9 at 3-5). Defendants also argue service was untimely under Rule 4(m). (Doc. No. 9 at 5).

##### 1. Untimely Service

Defendants correctly note that Rule 4(m) requires that a defendant be "served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Defendants fail to acknowledge, however, that Rule 4(c) requires a court to order the U.S. Marshals Service to complete service on the plaintiff's behalf "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Fed. R. Civ. P. 4(c)(3). Defendants also fail to acknowledge that the Local Rules for the Northern District of Ohio instruct the court to direct the Marshals to serve the summons and complaint after the court has granted the plaintiff leave to proceed in forma pauperis and after the court "has first reviewed the complaint to determine whether *sua sponte* dismissal under section 1915(e)(2) is appropriate." Local Rule 4.1(a).

2

While Pool filed his complaint on July 19, 2018, his IFP application was not granted until November 30, 2018. (Doc. No. 3). The service date of December 14, 2018 falls well within the deadline imposed by Rule 4(m). Pool's complaint is not subject to dismissal on the basis of untimely service.

**2. Failure to Perfect Service**

Rule 4(c)(3) and 28 U.S.C. § 1915(c) "stand for the proposition that when a plaintiff is proceeding in forma pauperis[,] the court is obligated to issue [the] plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving [the] plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Defendants' citations to opinions from Ohio courts discussing service of process under Ohio law do not answer the question of whether service was proper under federal law.

Pool took reasonable steps to "identify for the court the defendants named in the complaint." *Byrd*, 94 F.3d at 219. He provided the first and last names of the three named Defendants, indicated they each had worked at AOCI, and stated they each were being sued in their individual capacities. *See Abel v. Harp*, 122 F. App'x 248, 251 (6th Cir. 2005) ("Abel's complaint clearly identified the six individual defendants, clearly indicated that they were being sued in their individual capacities, and identified the location of the FBI office where they were working at all times relevant to the complaint.").

The problem in this case arose when Pool attempted to provide more information. He indicated the Defendants could be served at an address in Westerville, Ohio, where he believed Aramark's Ohio headquarters was located. (Doc. No. 1-3 at 2). While he states this address was on a work application, (*id.*), the address does not in fact appear to be associated with an Aramark corporate office.

3

This mistake is not dispositive. Pool does not have the burden of providing "the proper address of [a] defendant for purposes of service." (Doc. No. 11 at 2). Instead, Pool's responsibility only is to provide enough information to trigger the Marshals' duty to locate the defendant's address with "reasonable effort." *Johnson v. Herren*, No. 2:13-CV-583, 2013 WL 6410447, at *2 (S.D. Ohio Dec. 9, 2013) (citing *Owens v. Riley*, No. 11-1392, 2012 U.S. App. LEXIS 4560, at *10 (6th Cir. Jan. 6, 2012); *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1287 (11th Cir. 2009); and *Danik v. Hous. Auth. of Baltimore City*, 396 F. App'x 15, 16 (4th Cir. 2010) (*per curiam*)).

Defendants fail to explain why Pool should have had reason to know service of his summons and complaint had not been perfected. Pool submitted the required forms and the Marshals' office filed the completed returns of service. (Doc. No. 5).

As Defendants acknowledge, (Doc. No. 11 at 2 n. 1), if Pool had not provided any address for use in serving the summons and complaint, I have the authority to order the Marshals to expend reasonable efforts to locate the Defendants' addresses, or to order the Defendants' employer to provide the Defendants' last known addresses.

I see no reason to cause further delay of this case, by granting an extension of the service deadline and ordering the Marshals to serve the summons and complaint again after obtaining the Defendants' last known addresses, based upon Pool's innocent mistake. *See, e.g., Crane v. Battelle,* 127 F.R.D. 174, 178 (S.D. Cal. 1989) (citing *Hawkins v. Dep't of Mental Health*, 89 F.R.D. 127 (W.D. Mich. 1981), for the proposition that "quashing service of process would result in an unjust delay of the proceedings when the defendant could not seriously contend that there was prejudice to some substantial right of defendant.").

Therefore, I order the Clerk of Court to prepare a waiver of service for each named Defendant and to provide those requests for waiver to counsel for Defendants, pursuant to Rule 4(d).

4

### B. MOTIONS FOR THE APPOINTMENT OF COUNSEL

Pool has filed two motions seeking the appointment of counsel. (Doc. No. 6 and Doc. No. 7). He asserts generally that he is unable to afford to hire an attorney, has limited access to the law library at AOCI, and the issues involved in his case are complex.

There is no statutory right to the appointment of counsel in civil cases, though a court has the discretion to appoint an attorney to represent an indigent plaintiff *pro bono*. *Glover v. Johnson*, 75 F.3d 264 (6th Cir. 1996). Appointment of counsel in a civil case is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

I conclude Pool has not demonstrated exceptional circumstances exist at this stage of the litigation and deny his motions without prejudice. Pool may renew his request if this case proceeds beyond initial dispositive motions practice.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, (Doc. No. 9), is denied. Plaintiff's motions for appointment of counsel, (Doc. No. 6 and Doc. No. 7), are denied without prejudice. Further, I order the Clerk of Court to prepare a waiver of service for each named Defendant and to provide those requests for waiver to counsel for Defendants, by mail or other reliable means, pursuant to Rule 4(d).

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge